**ASHER CANDY, INC. and Sherwood Brands, Inc., Petitioners**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 06–1368, 06–1393.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 27, 2007.

Mark J. Swerdlin, Shawe & Rosenthal, Baltimore, MD, for Petitioners.

Robert J. Englehart, Attorney, Aileen A. Armstrong, Deputy Associate General Counsel, David A. Fleischer, Senior Attorney, National Labor Relations Board, Washington, DC, for Respondent.

Before: RANDOLPH, ROGERS and GRIFFITH, Circuit Judges.

## JUDGMENT

This petition for review and cross-application for enforcement were considered on the record from the National Labor Relations Board and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the Board's cross-application for enforcement be granted.

Petitioners Asher Candy, Inc. and Sherwood Brands, Inc. (Companies) dispute the Board's finding that they (1) constitute a single employer; (2) failed to engage in meaningful effects bargaining with Local 102, Baker Confectionary, Tobacco Workers and Grain Millers International Union, AFL–CIO (Union) about their decision to close the Asher facility; and (3) violated § 8(a)(1) and (5) of the National Labor Relations Act by refusing to pay severance to terminated Asher employees. The Board's findings are supported by substantial evidence in the record.

The Board considers four factors to determine whether single employer status exists: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership. *RC Aluminum Indus., Inc. v. NLRB,* 326 F.3d 235, 239 (D.C.Cir.2003). "Not all four criteria must be satisfied for the Board to find a single employer." *Id.*

First, the Companies concede common ownership. Second, a finding of common management is supported by Uziel Frydman's service as president of each company and Chris Willi's service as chief financial officer of each company. Further, only Sherwood's board had the authority to shut down Asher, and the record shows that the general manager at Asher required Sherwood approval for major repairs or purchases. Third, centralized control of labor relations is evident from the Asher general manager's inability to enter into a collective bargaining agreement without the approval of Sherwood's board of directors. *See Am. Stores Packing Co.,* 277 N.L.R.B. 1656, 1657 (1986).

Sherwood's board of directors made the decision to close Asher but did not give Asher employees or the Union notice until the day of closing. Notice on the day of closing is insufficient to give the Union an opportunity to bargain regarding the effects of the closing. *Willamette Tug & Barge Co.,* 300 N.L.R.B. 282, 283 (1990).

The Companies' refusal to pay severance to employees constituted a unilateral change in a term of employment that violated § 8(a)(1) and (5). *Honeywell Int'l, Inc. v. NLRB,* 253 F.3d 125, 127, 131 (D.C.Cir.2001). When Sherwood acquired Asher, Sherwood assumed the severance terms of Asher's 1999–2002 collective bar-

gaining contract. The severance terms survived expiration of the contract and could not be unilaterally altered. *Id.* at 127. The Companies acknowledged their duty to pay severance in their 2004 SEC filing. The 2002 memorandum of agreement between the Union and the Companies did not address severance. Thus, the Companies have a legal obligation to pay severance on the terms of the expired contract. *Id.* at 128, 133. These continued benefits are ensured "absent an impasse in bargaining or a new agreement." *Id.* at 133.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.